## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

ROBIN TAYLOR, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

CARDINAL FINANCIAL
COMPANY, LIMITED
PARTNERSHIP

    Defendant.

_____/

CIVIL ACTION FILE NO.

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff Robin Taylor (hereinafter referred to as "Plaintiff"), individually

and on behalf of all others similarly situated, alleges on personal knowledge,

investigation of her counsel, and on information and belief, as follows:

## <u>NATURE OF ACTION</u>

1.    As the Supreme Court has explained, "Americans passionately

disagree about many things. But they are largely united in their disdain for

robocalls. The Federal Government receives a staggering number of complaints

about robocalls—3.7 million complaints in 2019 alone. The States likewise field a

constant barrage of complaints. For nearly 30 years, the people's representatives in

Congress have been fighting back. As relevant here, the Telephone Consumer

Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Cardinal Financial Company to market its services through the use of telemarketing calls to individuals who listed their telephone numbers on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3.      Ms. Taylor also alleges that Cardinal Financial Company uses automated systems to make telemarketing calls to Florida residents, and that by doing so, Cardinal Financial Company has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4.      The recipients of Cardinal Financial Company's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Cardinal Financial Company makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

**<u>PARTIES</u>**

5.      Plaintiff Robin Taylor is, and at all times mentioned herein was, an individual citizen of the state of Florida and this District.

6.      Defendant Cardinal Financial Company, Limited Partnership is a limited partnership, with a principal place of business in North Carolina.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the Florida Telephone Solicitations Act claims, as they arise out of the same telemarketing campaign as the TCPA claims.

8.     This Court has specific personal jurisdiction over Cardinal Financial Company because the company makes telemarketing calls into this District.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were to this District and Plaintiff resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on

whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R.

§ 64.1200(c)(2).

The Florida Telephone Solicitations Act

13.     The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. §

501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

14.     It is a violation of the FTSA to "make or knowingly allow a

telephonic sales call to be made if such call involves an automated system for the

selection or dialing of telephone numbers or the playing of a recorded message

when a connection is completed to a number called without the prior express

written consent of the called party." Fla. Stat. § 501.059(8)(a).

15.     A "telephonic sales call" is defined as a "telephone call, text message,

or voicemail transmission to a consumer for the purpose of soliciting a sale of any

consumer goods or services, soliciting an extension of credit for consumer goods

or services, or obtaining information that will or may be used for the direct

solicitation of a sale of consumer goods or services or an extension of credit for

such purposes." Fla. Stat. § 501.059(1)(i).

16.     Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a

minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

17.     Defendant Cardinal Financial Company is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.     The Plaintiff's phone number, (941) 224-XXXX, has been on the National Do Not Call Registry since January 9, 2009.

19.     The Plaintiff's phone number is a Florida number and is therefore also on Florida's "no sales solicitation calls" list.

20.     The number is used by the Plaintiff for personal purposes.

21.     The number is not associated with a business.

22.     At no point has Plaintiff sought out or solicited information regarding Defendant Cardinal Financial Company's services.

23.     Despite this, the Plaintiff has repeatedly received calls from Cardinal Financial Company.

24.     The Plaintiff received calls from Cardinal Financial on at least June 14 and July 1, 2021.

25.     The calls came from Caller ID (941) 787-5794.

26.     The calls were solicitations from Cardinal Financial and can be confirmed by contacting the Caller ID number which stated thank you for calling Cardinal Financial.

27.    After receiving the calls, the Plaintiff affirmatively contacted Cardinal Financial and made a request to no longer be contacted.

28.    Indeed, NoMoRobo, who won the FTC's competition for tracking robocalls, as a "robocaller", has reported that Caller ID as a "robocaller". *See* https://www.nomorobo.com/lookup/941-787-3175(Last Visited November 19, 2021).

29.    Moreover, former employees of Cardinal Financial have complained about the telemarketing required at the job. *See e.g.* https://www.indeed.com/cmp/Cardinal-Financial-Company/reviews (Last Visited November 19, 2021).

30.    Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## **CLASS ACTION ALLEGATIONS**

31.    Plaintiff bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding

Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

**Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number listed on Florida's "no sales solicitation calls" list (3) since July 1, 2021.

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

32.    Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

33.    Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

34.    Members of the Class are so numerous that their individual joinder is impracticable.

35.     On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

36.     The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

37.     Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

38.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

39.     Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

40.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

**Adequacy of Representation**

41.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

42.    The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

43.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

44.    Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

45.    Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

46.    Individualized litigation also presents a potential for inconsistent or contradictory judgments.

47.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

48.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Florida Telephone Solicitation Act,
### Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

49.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

51.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

52.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or

services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

53.    Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

54.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

55.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

56.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation**
**Act National Do Not Registry Call Class**

57.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

58.    Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendant.

59.    It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

60.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

61.    Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

62.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

63.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT III**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

64.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

65.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

66.     The Defendant's violations were negligent, willful, or knowing.

67.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

68.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to

numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.    Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff request a jury trial as to all claims of the complaint so triable.


Dated: November 23, 2021                    PLAINTIFF, on behalf of herself
                                            and others similarly situated,

                                            */s/ Avi Kaufman*
                                            Avi R. Kaufman (FL Bar no. 84382)
                                            kaufman@kaufmanpa.com
                                            Rachel E. Kaufman (FL Bar no. 87406)
                                            rachel@kaufmanpa.com
                                            KAUFMAN P.A.
                                            400 NW 26th Street
                                            Miami, FL 33127
                                            Telephone: (305) 469-5881

                                            *Counsel for Plaintiff and the*
                                            *putative Classes*