UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBIN TAYLOR, on behalf of herself and all others similarly situated,**

    Plaintiff,

v.                                                    Case No: 8:21-cv-2744-MSS-CPT

**Cardinal Financial Company, Limited Partnership**

    Defendant.

## ORDER

Before the Court is Plaintiff's unopposed Motion seeking to grant preliminary approval of a proposed class action settlement in this action, (Dkt. 46), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiff's Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby **GRANTS** the Motion, (Dkt. 46), and **ORDERS** as follows:

**FINDINGS:**

    1.    The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

    2.    The Court has conducted a preliminary assessment of the fairness,

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

reasonableness, and adequacy of the Settlement Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

3.  The Notice, Summary Notice and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4.  For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

5.  For settlement purposes only, Representative Plaintiff's claims are typical of the Class Member claims.

6.  For settlement purposes only, there are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members.

7.  For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

8.  **Settlement Approval**. The Settlement Agreement, including the Claim Form, Notice, and Summary Notice attached to the Settlement Agreement as Exhibits A-C are preliminarily approved, subject to correction of Exhibit C in the paragraph entitled, "What are the Settlement Terms?" In the third sentence of that

paragraph, it states, "[m]embers of the Class who submit Approved Claims shall receive an amount not to exceed *Ninety Dollars* ($51), less each Class Member's share of any attorneys' fees and Expenses." (emphasis added) Instead, that number should read: "Fifty-One Dollars."

9. **Appointment of the Settlement Administrator and the Provision of Class Notice**. Kroll Settlement Administration LLC is appointed as the Settlement Administrator. The Settlement Administrator will notify Class Members of the settlement in the manner specified in the Settlement Agreement. The Court further finds that the Notice Plan described in the Settlement Agreement is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to inform the Class of the pendency of the Litigation, certification of a settlement Class, the terms of the Settlement, Class Counsel's fee application, the claim process, and their rights to opt-out of the Class or object to the Settlement. The Notice and Notice Plan constitute sufficient notice to all persons entitled to notice. The Notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

10. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and submit a Claim Form to the Settlement Administrator **3     0     days** prior to the Final Approval Hearing, as specified in the Notice.

11. **Objection to Settlement**. Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the

3

fees, costs, and expenses award must have their objection filed with the Court or mailed to the Clerk's Office of the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602 by no later than the Opt-Out Deadline. Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Taylor v. Cardinal Financial Company, Limited Partnership*, No. 21-cv-2744" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Class Member, including the phone number(s) at which he or she received text(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear. A Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and

4

validly submitted written objection will be deemed waived.

12.     **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

13.     **Requesting Exclusion**. Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Any Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline. A request for exclusion must be signed by the Class Member, and must include the Class Member's name, address, and the telephone number that allegedly received a call made by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and the Agreement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Class and shall be bound as a Class Member by the Court's Orders in this Litigation and by this Agreement, if approved. The request for exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

14. **Certification**. For settlement purposes only the Court certifies the following class: All users or subscribers to cellular telephone numbers that were contacted by Defendant from November 23, 2017 through November 9, 2022 after having been supplied by iLeads. For purposes of settlement the parties estimate the class consists of approximately 141,049 individuals.

15. **Appointment of Class Representative and Class Counsel**. The Court appoints the Plaintiff Robin Taylor as Representative Plaintiff for the Settlement, and Class Counsel as the law firm of Kaufman P.A. and Paronich Law, P.C. for the Settlement. Representative Plaintiff and Class Counsel must fairly and adequately protect the Settlement Class's interests.

16. **Stay of Other Proceedings**. The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any final order and judgment.

17. **Termination**. If the Settlement is terminated or fails to become effective for any reason, the Settling Parties will be restored to their respective positions in the Litigation. In such event, the terms and provisions of the Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

18. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

19. **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, Representative Plaintiff, all persons in the Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

20. **Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

21. **Final Approval Hearing**. On June 26, 2023, at 10:00 am, this Court will hold a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiff's and Class Counsel's motion for attorneys' fees and expenses for Class Counsel shall be filed on March 21, 2023. Plaintiff's motion in support of the Final Judgment shall be filed on May 10, 2023. This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances. If that occurs, the updated

hearing date or location shall be posted on the Class Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Class Members.

22.  **Summary Timeline.** This Order provides for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Event | Date |
|---|---|
| Notice Date | March 27, 2023 |
| Deadline for filing papers in support of Class Counsel's application for an award of attorneys' fees and expenses | April 21, 2023 |
| Claims Deadline | May 26, 2023 |
| Opt-Out Deadline | May 26, 2023 |
| Deadline for filing Motion for Final Approval | June 12, 2023 |
| Responses to Objections | June 16, 2023 |
| Final Approval Hearing | June 26, 2023 |

DONE AND ORDERED in Tampa, Florida this 23rd day of February 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

8