**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBIN TAYLOR, on behalf of herself and others similarly situated,**

    Plaintiff,

v.                                      Case No: 8:21-cv-2744-MSS-CPT

**CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP,**

    Defendant.

---

**ORDER GRANTING FINAL APPROVAL TO**
**CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

This matter is before the Court on Plaintiff's and Class Counsel's Unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 50), and Class Counsel's Unopposed Motion for Class Counsel Fees and Expenses, (Dkt. 49), both of which came before the Court for hearing on June 26, 2023. Due and adequate notice has been given to Settlement Class Members as required by the Court's Order granting preliminary approval to the class action settlement and conditionally certifying the class for settlement purposes. (Dkt. 48) The Court, having considered all papers filed and proceedings in this action, and having received no objections to the settlement, hereby **ORDERS** that Plaintiff's and Class Counsel's Unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 50), is **GRANTED**, and Class Counsel's

Unopposed Motion for Class Counsel Fees and Expenses, (Dkt. 49), is **GRANTED.** The Court therefore finds as follows:

    1.    The Court has personal jurisdiction over all Class Members, and the Court has subject-matter jurisdiction to approve the Agreement,[1] including all exhibits thereto.

    2.    The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to or exclude themselves from the proposed settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

    3.    Pursuant to Fed. R. Civ. P. 23, and for purposes of this settlement only:

        a. The Class consists of all users or subscribers to cellular telephone numbers that were contacted by Defendant from November 23, 2017, through November 9, 2022, after having been supplied by iLeads. Excluded from the Class are (1) the Judges and Magistrate Judges presiding over the action and members of their immediate families; (2) the Defendant, its parent companies, successors, predecessors, and any

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

    entities in which the Defendant or its parents have a controlling interest, and Defendant's current and former officers, directors, agents, trustees, representatives, employees, principals, partners, joint ventures, and entities controlled by Defendant; (3) persons who properly execute and timely file a request for exclusion from the Class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

b. The Class is ascertainable and so numerous that joinder of all members is impracticable. The Class consists of thousands of class members and the Class Members have been determined by objective means from Defendant's records.

c. There are questions of law or fact common to the Class which predominate over any questions affecting only individual Class Members.

d. The claims of the proposed class representative are typical of the claims of the Class. The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct.

e. Plaintiff has fairly and adequately represented and protected the interests of the Class. Plaintiff is a member of the proposed Class. Neither Plaintiff nor Class Counsel have any conflicts of interest with the other class members, and Class Counsel have demonstrated that they have adequately represented the Class.

  f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

4. Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, taking into account the following factors: (1) the absence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

5. The plan for distribution of the Settlement Sum is fair and equitable. The Settlement Administrator shall perform the distribution to Class Members following the process set forth in the Settlement Agreement without further order of this Court. Each Class Member shall receive a payment of thirty-two (32) dollars.

6. Class Members have been given due and adequate notice of the Settlement Agreement.

7. There are no objections.

8. There is 1 opt-out.[2]

9. The Court has held a hearing to consider the fairness, reasonableness,

---

[2] A list of opt outs is included as an exhibit to this Order.

and adequacy of the proposed settlement.

10. Under the Settlement Agreement, Class Counsel are permitted to seek Court approval of attorneys' fees and documented and reasonable expenses and costs. Having considered Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and considering the percentage of the fund, lodestar cross-check, the quality of representation provided and the results obtained, as well as a number of other factors, Class Counsel is awarded attorneys' fees of $2,400,000.00, and reimbursement of costs and expenses of $50,455.93, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating, and settling this action.

11. Under the Settlement Agreement, the Settlement Administrator shall be paid exclusively from the Settlement Sum. The Settlement Administration Expenses are $228,037.52. Those costs are reasonable in light of the costs for, among other things, emailed and mailed notice, claim verification, and distribution of settlement funds to thousands of Class Members.

12. All payments of attorneys' fees and reimbursement of expenses to Class Counsel, and notice expenses in this Action shall be made from the Settlement Sum, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses, and notice expenses. The Released Parties' only and total liability is the Settlement Sum.

13. Accordingly, the Court hereby finally **APPROVES** the proposed settlement as reflected in the Settlement Agreement, the respective terms of which,

including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

14. The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the Agreement is declared to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiffs and the Releasing Parties.

2. The Parties are hereby directed to implement and consummate the Agreement, including to take all actions required under the terms and provisions of the Settlement Agreement.

3. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses arising out of or relating to the claims released under the Settlement Agreement.

4. All persons who are Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either

directly or indirectly, any claims discharged by the Settlement Agreement.

5. The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Final Approval Order and Judgment, and any order relating to attorneys' fees.

6. This Action (including all individual claims and Class Member claims asserted therein) is hereby **DISMISSED** on the merits and **WITH PREJUDICE**, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Judgment.

7. This case shall remain **CLOSED**.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of July 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

| Exclusion List | |
|---|---|
| **Count** | **Class Member** |
| 1 | John Noll |